# James Nesland

| | |
|---|---|
| **From:** | James Nesland [jamesnesland@comcast.net] |
| **Sent:** | Thursday, March 29, 2012 3:19 PM |
| **To:** | 'Chernoff, Harry (USANYS)'; 'amy.lester@usdoj.gov'; 'robertson.park@usdoj.gov' |
| **Cc:** | 'Jeff Smith' |
| **Subject:** | |
| **Attachments:** | CCE03292012_00000.pdf |

Please see the attached letter on behalf of Petitioners, Dr. Jitka Chvatik and Landlocked Shipping Company, requesting that the Government file an appropriate motion to dissolve the Restraining Order and release the Peak House Funds to them. The original will follow by mail to each of you. Thanks.

Jim Nesland

**EXHIBIT C**

4/6/2012

Law Office of James E. Nesland, LLC
14252 E. Caley Ave.
Aurora, CO 80016
(303) 807-9449
jamesnesland@comcast.net

Robertson Park
Department of Justice
Criminal Division
950 Pennsylvania Avenue
Washington, DC 20530-0001

Amy Lester
Harry A. Chernoff
Assistant U.S. Attorney
1 Saint Andrew's Plaza
New York, NY 10007

RE: *U.S. v. Kozeny, 05 cr 518 (SAS) and Petition of Landlocked Shipping Company and Dr. Jitka Chvatik to Terminate Post-Indictment Restraining Order*

Dear Ms. Lester and Messrs. Park and Chernoff:

I am writing on behalf of Petitioners landlocked Shipping Company and Dr. Jitka Chvatik to request that the Government file a motion for an Order dissolving the Restraining Order and releasing the restrained Peak House Funds to Petitioners. Such a motion and the requested relief are appropriate now because the Privy Council issued its decision denying the Government's request to extradite Viktor Kozeny. In the Government's opposition to Petitioners' motion to terminate the post-indictment Restraining Order restraining the Peak House Funds, you represented to the Court that the proper course of action was "to maintain the status quo and keep the Restraining Order in place until the Privy Council reaches a decision on Kozeny's extradition." (Opp'n Br. at p. 13) You further represented to the Court that "If it is determined that Kozeny cannot be extradited to face the charges in the Indictment, the Restraining Order should be terminated at that time." (*Id.*)

On March 28, 2012 the Privy Council handed down it decision and dismissed the Government's appeal. The Privy Council not only held that there was no jurisdiction for the appeal, but it also held that Mr. Kozeny is not subject to extradition under the extant treaty between the United States and the Bahamas. The Privy Council's rejection of the Government's appeal means that the Bahamas Court of Appeals decision stands and Viktor Kozeny *cannot* be extradited to face the charges in the Indictment.

Accordingly, based upon your representations that the Restraining Order should be terminated if the Privy Council determined that Mr. Kozeny cannot be extradited, which the Privy Council has determined, we request that the Government file a motion with the Court

forthwith for an Order dissolving the Restraining Order and releasing the Peak House Funds to Petitioners.

Thank you for your attention to this matter.

Sincerely,

James E. Nesland

cc: Dr. Jitka Chvatik
    Landlocked Shipping Company