UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ---------------------------------------  X | |
| UNITED STATES OF AMERICA,  : | **REPLY OF PETITIONERS IN SUPPORT** |
| vs. | **OF RENEWED PETITION TO** |
| VIKTOR KOZENY and FREDERIC  : | **TERMINATE POST-INDICTMENT** |
| BOURKE, JR., | **RESTRAINING ORDER AND IN** |
| Defendants.  : | **OPPOSITION TO MOTION TO** |
| | **INTERVENE BY HARVARDSKY** |
| | **PRULYSLOVY HOLDING, A.S.** |
| : | |
| | 05 CR 518 (SAS) |
| ---------------------------------------  X | |

## INTRODUCTION

Petitioners Landlocked Shipping Company and Dr. Jitka Chvatik submit this Reply to support issuance of the Order terminating the Post-Indictment Restraining Order. The Government concedes in its May 25, 2012 letter to the Court that the Restraining Order should terminate and, for that reason, it does not oppose Petitioners' Renewed Petition to terminate the Restraining Order. The Government's concession is conclusive and the Restraining Order should be terminated immediately.

Petitioners also submit this Reply to oppose the Motion to Intervene filed by Harvardsky Prulyslovy Holding, A.S. ("HPH"). The Motion is a frivolous tactic filed to delay the termination of the Restraining Order. HPH has no standing to oppose termination of the Restraining Order. Section 853(e) only authorizes the Government to obtain a post-indictment restraining order. Section 853(k), moreover, expressly bars HPH's intervention, as the Second Circuit held in *DSI Associates LLC v. United States*, 496 F.3d 175 (2d Cir. 2007). This clear precedent unmistakably establishes that HPH cannot use Fed. R. Civ. P. 24 to intervene in a criminal case to assert an interest in the Peak House Funds. As this Court stated in its Opinion and Order, dated April 28, 2011 (the "Order"), "(i)t is well-settled that a third party is prohibited

from intervening in a criminal case to assert an interest in property subject to forfeiture prior to the court's entry of a preliminary order of forfeiture." (Order at 9, dkt. #284)

## THE POST-INDICTMENT RESTRAINING ORDER

The Post-Indictment Restraining Order was issued upon application of the Government solely to prevent the "transfer, sale, assignment, pledge, hypothecation, encumbrance, disposal, or dissipation of the Peak House Funds in order to preserve them for forfeiture <u>in the criminal case against Kozeny</u>."[1]  (Order at 5-6) (emphasis supplied)  The Court determined that the Restraining Order would terminate automatically if the Privy Council denied Kozeny's extradition. In pertinent part, the Court stated:

> Petitioners argue the Restraining Order should be terminated without any further proceedings, if the Government's appeal to the Privy Council is denied, the legal effect of which would permanently bar Kozeny's extradition to the United States. Apparently, the Government agrees with Petitioners on this point, stating as follows: 'If it is determined that Kozeny cannot be extradited to face the charges in the Indictment, the Restraining Order should be terminated at that time.'  <u>Thus, barring any procedural requirements to termination, the Restraining Order will be automatically terminated if the Privy Council decides against the Government and affirms the Bahamian courts' rulings against extradition</u>.

(Order at 12-13)

As the Government concedes in its May 25 letter, the Privy Council has denied Kozeny's extradition so the Restraining Order should terminate immediately.[2]

---

[1] The Court noted in its Order that in addition to applying for a post-indictment restraining order the Government had filed an in rem civil forfeiture action to recover the Peak House Funds which was dismissed by Judge Harold Baer; and the Court also noted Judge Baer's finding that "Claimants provide sufficient facts to show that Dr. Chvatik purchased the home through a corporation set up in trust for her benefit, used the home and will receive the funds from its sale should they not be forfeited." (Order, at 6 n. 19.)

[2] There are no procedural bars to the termination of the Restraining Order.  As the Government is the only party authorized to seek a restraining order under 21 U.S.C. 853 and it now agrees that the Restraining Order is no longer appropriate, the only thing left for the Court to do is to issue an order dissolving the Restraining Order.  Nothing in §853 remotely contemplates the Court continuing a restraining order based on the request of a private third party.

2

### HPH's MOTION TO INTERVENE

HPH has now filed a Motion to Intervene pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure to oppose the termination of the Restraining Order.  As noted above, this Court already has determined that a third party cannot intervene in a criminal case to assert an interest in property that is subject to forfeiture.  The Court's determination was based upon the "bar on intervention" expressly set forth in 18 U.S.C. §853(k) and on the Second Circuit's decisions in *DSI Associates LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) and *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) — none of which HPH cites in its Motion and both of which are dispositive of HPH's Motion.

In the *DSI* case, *DSI* moved to intervene in a criminal action claiming that certain property subject to a forfeiture order belonged to it as an unsecured creditor, which is what HPH purports to be.  The Court of Appeals made several determinations that require denial of HPH's Motion.  The first determination was the following:  "It is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited."  *DSI Associates LLC*, 496 F.3d at 183.  The second determination was "that §853(n) provides the exclusive means by which a third party may lay claim to forfeited assets — after the preliminary forfeiture order has been entered."  *Id.*  The third determination was that a general creditor — like HPH — lacks standing under §853(n) to intervene and claim an interest in property subject to forfeiture.  *Id.* at 184.  The fourth determination was that Rule 24 of the Federal Rules of Civil Procedure does <u>not</u> provide an alternative means to intervene.  *Id.* at 184-85 (emphasis supplied).

The determinations in *DSI* clearly mandate that HPH's Motion must be denied.  In fact, these determinations demonstrate that HPH's Motion should never have been filed.  HPH cannot

3

end run the §853's proscription on intervention and its lack of standing as an unsecured creditor through Fed. R. Civ. P. 24 intervention.

## CONCLUSION

For the reasons stated, the Court should issue an Order terminating the Restraining Order. The Court also should issue an Order denying HPH's Motion to Intervene.

          Respectfully submitted,

          *s/James E. Nesland*
          James E. Nesland (JN-2306)

          LAW OFFICES OF JAMES E. NESLAND, LLC
          14252 East Caley Avenue
          Aurora, CO  80016
          Telephone:  (303) 807-9449

          Attorneys for Petitioners Landlocked Shipping
          Company and Dr. Jitka Chvatik

## CERTIFICATE OF SERVICE

I, Lydia T. VanDenBroek, hereby certify that on May 27, 2012, I caused to be served a true and correct copy of the foregoing, **REPLY OF PETITIONERS IN SUPPORT OF RENEWED PETITION TO TERMINATE POST-INDICTMENT RESTRAINING ORDER AND IN OPPOSITION TO MOTION TO INTERVENE BY HARVARDSKY PRULYSLOVY HOLDING, A.S.** to all counsel of record via the Court's ECF system, as well as by placing a copy in the United States Mail, postage prepaid, addressed to:

Preet Bharara, Esq.
United States Attorney
for the Southern District of New York
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007
preet.bharara@usdoj.gov
*Attorneys for the United States of America*

Michael D. Nolan, Esq.
Edward G. Baldwin, Esq.
Milbank, Tweed Hadley & McCloy LLP
1850 K Street, N.W., Suite 1100
Washington, D.C. 20006

Sander Bak, Esq.
Milbank, Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

*s/Lydia T. VanDenBroek*
Lydia T. VanDenBroek