UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    :

vs.                                          :

VIKTOR KOZENY and FREDERIC        :        05 CR 518 (SAS)
BOURKE, JR.,                                 :

        *Defendants.*

                                  :
_____


## REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE BY HARVARDSKÝ PRŮMYSLOVÝ HOLDING, A.S.


        Harvardský průmyslový holding, a.s. – v likvidaci ("Harvard Holdings") hereby

files this Reply in further support of its Motion to Intervene, filed May 25, 2012 (the "Motion"),

in response to the Opposition (the "Opposition") by Landlocked Shipping Company and Dr.

Jitka Chvatik (collectively, the "Petitioners").  The Opposition cites to Section 853(e) and 853(k)

to assert that Harvard Holdings cannot intervene in this case.  Petitioner's arguments with respect

to these sections are wrong both as a matter of fact and law.  It should be noted that – other than

with regard to Section 853 – the Petitioners do not challenge that Harvard Holdings has a right to

intervene under Rule 24(a) or that it should be permitted to intervene under Rule 24(b).


## SECTION 853(E)

        The Opposition's argument with respect to Section 853(e) misses the point.

Although it is correct that Section 853(e) authorizes only the Government to obtain a post-

indictment restraining order, this fact is of no moment.  As was made clear in the Motion,

Harvard Holdings does not seek to intervene to ***impose*** its own restraining order.[1]  Rather Harvard Holdings seeks to intervene to oppose the lifting of the restraint that has been in place through various proceedings for more than 10 years.[2]  Harvard Holdings' opposition to the lifting of this restraint does not run afoul of 853(e), and the Petitioners offer no argument or case law to the contrary.

As noted in the Motion, Harvard Holdings has brought an action in New York Supreme Court to enforce the Czech Judgment.[3]  Today, the New York court issued an *ex parte* temporary restraining order that prevents Landlocked Shipping Company from transferring money out of the Wells Fargo pending a hearing on a motion for attachment.  The issue of the ownership of the Wells Fargo funds will be litigated in that court.  Moreover, as the Government notes, Kozeny could still turn himself in to face justice or travel to a jurisdiction where he can be extradited.  Harvard Holdings merely asks that this Court maintain the status quo by keeping in place the existing restraining order until the ownership of the Wells Fargo funds and the issues resolving the Czech Judgment are resolved.  To the extent the Court wishes to set a time period upon which the restraining order will automatically terminate, Harvard Holdings respectfully requests that the Court maintain the Restraining Order for 90 days.  At a minimum, Harvard Holdings requests that the Court maintain the restraining order for a week in order to allow the New York court's order to be effectuated.

Keeping the restraining order in place will prevent a fraud and injustice.  Despite the Government's best efforts, Kozeny remains a fugitive and has not answered the charges against him.  The reason that the Petitioners can now seek the removal of the restraint is

---

[1]    *See* Harvard Holding's Motion to Intervene, filed May 25, 2012, at p. 7.
[2]    *See* Harvard Holding's Motion to Intervene, filed May 25, 2012, at p. 7.
[3]    *See* Harvard Holding's Motion to Intervene, filed May 25, 2012, at p. 5.  Capitalized terms in this Reply not otherwise defined have the same meaning as in the Motion.

precisely because Kozeny remains a fugitive.  Kozeny should not be allowed to profit from his

fugitive status by having the restraint lifted such that he can cause the Wells Fargo funds to be

transferred out of the United States and into off shore accounts prior to the resolution of Harvard

Holdings' rights elsewhere than in this Court.

Moreover, there is no prejudice to the Petitioners by maintaining the restraining

order for a period of time so that the outstanding issues can be sorted through.  This is not an

active account being used to run a business or household.  It is an account holding the proceeds

of the sale of a house that occurred more than 10 years ago.  Landlocked Shipping Company was

founded with capital of US$300 million and, according to Kozeny, Dr. Chvatik has money from

family trusts available to her.[4]  There is simply no harm in maintaining the status quo for a short

period.

## SECTION 853(k)

The Opposition cites *DSI Associates LLC v. United States*, 496 F.3d 175, 183 (2d

Cir. 2007), for the unremarkable proposition that under Section 853(k) "third parties may not

intervene during criminal forfeiture proceedings to assert their interests in the property being

forfeited . . . ."  Here again, the Petitioners misconstrue what Harvard Holdings seeks to do.

Although Harvard Holdings believes that the money to purchase the Peak House came from the

fraud against it, Harvard Holdings is not asking this Court to make any determination about who

or what has an interest in the Wells Fargo funds.  Contrary to the assertion made by the

Petitioners, Harvard Holdings is not asking this Court to establish that Harvard Holdings has an

---

[4]    David Glovin, *Pirate of Prague Invokes Napolean, Mandela as He Denies Fraud*, Bloomberg News (Oct. 1, 2008), attached as Exhibit B to Harvard Holdings' May 25, 2012 Motion to Intervene.

interest as an "unsecured creditor".  Rather, Harvard Holdings seeks to intervene to oppose the removal of the restraint and to maintain the status quo.

Section 853(k) bars a party from intervening in a criminal case only where the party is seeking to assert its claims to the property or to otherwise seek a termination of the restraint.  The Supreme Court in *United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 137 (U.S. 1993) (superseded on other grounds) stated that Section 853(k) prohibits "third parties from intervening to vindicate their property interests".  Other courts have similarly stated that Section 853(k) is a bar to a party seeking to intervene for the purposes of making a claim.  *See*, *e.g.*, *United States v. Moser*, 586 F.3d 1089, 1094 (8th Cir. 2009) (stating that Section 853(k) precludes third-party "claimants" from intervening).  Harvard Holdings is not intervening to have this Court determine its rights of ownership, or to make a claim in this Court on the forfeited property, but rather to oppose the lifting a restraint that would affect ***another court's*** ability ultimately to vindicate Harvard Holdings' interests.[5]

The Petitioner's two citations regarding the bar on intervention, *DSI Associates*, 496 F.3d 175 and *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006), do not bar intervention in this case.  *DSI Associates*, 496 F.3d 175 is inapposite because in that case the putative intervenor was seeking to establish its interest in the forfeited property.  *De Almeida*, 459 F.3d at 381, actually supports Harvard Holdings's position in that the court describes Section 853(k) as a bar to a "claim" against the forfeited property, which is not the case here as Harvard Holdings is not making a claim on the money in this proceeding.

---

[5]     Harvard Holdings found no case where a party was barred under Section 853(k) from intervening in support of the Government's restraint.  In the cases reviewed, the putative intervenors sought to have an interest in the forfeited items determined by the Court or to have the restraint removed.

Finally, even if Section 583(k) is a bar to intervention of any type or for any purpose, the Petitioners also cannot overcome this bar based on the current status of the case. The Petitioners asserted in their Petition filed November 19, 2010 that Section 583(k) violates the Fifth Amendment and should be disregarded.  As this Court recognized in its Order dated April 29, 2011, the Petitioners could show no cases from the Second Circuit that would mandate this result – leading the Court to reject the due process argument.  Therefore, there is no basis for the Petitioners to intervene or otherwise seek an order to dissolve the restraining order.  To the contrary, what Petitioners seek to do by having the restraint removed is exactly what Section 853(k) actually bars.  Accordingly, if the Petitioners have a right to intervene and/or seek a termination of the restraint, they should not be heard to object to Harvard Holdings' intervention.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Harvard Holdings respectfully requests that the Court permit it to intervene in this proceeding to oppose the release of the restraining order.

Respectfully submitted,


_____/s/_____

Michael D. Nolan
Edward G. Baldwin
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, N.W., Suite 1100
Washington, D.C.  20006
Telephone:  (202) 835-7524
Fax:  (202) 263-7524
mnolan@milbank.com

Sander Bak
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Attorneys for
Harvardský Průmyslový Holding, A.S.


Dated:  June 4, 2012

**<u>Certificate of Service</u>**


I hereby certify that I have this day served the foregoing document to the U.S., Viktor Kožený, Landlocked Shipping Company and Dr. Jitka Chvatik through electronic filing, as well as through U.S. mail.

Dated at Washington, D.C., this 4th day of June 2012.


_____/s/_____

Michael D. Nolan